## ESTATE OF HENRY GORDON, Deceased.

IN PROBATE.   BEFORE MCCULLY, J.

JUNE, 1881.

A wife was under the age required by law at her marriage, and died before she reached that age: held, the marriage was not void but voidable, and the voidability ceased upon the wife's death: the husband, therefore, is entitled to all his rights in the wife's estate.

DECISION OF MCCULLY, J.

In proceedings on the distribution of the estate to the heirs at law, one Anin claimed to be entitled to take a share as the husband of Emmeline, deceased, a daughter of the intestate. The claim of Anin is contested on the ground that his marriage was not valid for the reason that Emmeline was under the age of fourteen when married. The marriage was solemnized in August 1880, when she was of the age of twelve, and she died of smallpox in March 1881, being yet under fourteen years of age.

The 1284th section of the Civil Code, as amended in 1872, reads as follows: "In order to validate the marriage contract, it shall be necessary that the respective parties be not to each other within the fourth degree of consanguinity; that the male shall, at the time of contracting the marriage, be at least seventeen years of age, and the female at least fourteen years of age; that the man shall not have at the time a wife living; and that the woman shall not have at the time a husband living. It shall also be necessary to validate the marriage of native female subjects of these islands, with male foreigners coming here to reside, that the foreigners have become first duly naturalized by taking the oath of allegiance, and it shall in no case be lawful to marry in this Kingdom without license for that purpose first obtained from the agent duly authorized to grant licenses to marry, agreeably to the laws."

The 1313th section provides that a marriage may be declared

null for corresponding causes, among them is "2d, that the parties or either of them had not attained the legal age of marriage." And in the 1314th section, that "a suit to annul marriage on the ground that one of the parties was under legal age may be brought by the parent or guardian entitled to the custody of such minor or by any person admitted by the Court to prosecute as the friend of such minor; but in no case shall such marriage be annulled on the application of a party who was of legal age at the time it was contracted, nor when it shall appear that the parties, after they attained the legal age, had for any time freely cohabited as man and wife."

The claimant contends that his marriage was not void but merely voidable, if a suit should be brought to annul it in the lifetime of his wife, and if she should not have cohabited freely and voluntarily with him after attaining the age of 14 years, and that as she has died without such annulment, whereby no annulment suit can be brought, he must hold the relationship of husband for the purpose of taking of her estate.

The reason of the statute, which provides that a suit for annulment shall not be brought by the party who was of age to marry, is plain, that he shall not take advantage of his own wrong. The marriage then may be confirmed, that is, completed and made valid by voluntary cohabitation after reaching the legal age, without another solemnization. The provision for bringing suit for annulment is only limited by the negative of the party who was of age. Parents, guardians or any person admitted by the Court, may bring the suit on behalf of the minor. Upon the judicial determination of the fact of nonage, the Court finds that the marriage was null, *ab initio*, that it had never been a valid marriage. And in this connection it may be observed that a penal statute enacted in 1864, subsequent to the provisions of the Civil Code above cited, makes sexual intercourse with any female of this Kingdom under the age of fourteen years an offence punishable by imprisonment at hard labor not less than three nor more than eighteen months, with no exceptions in favor of marriage.

Under the proceedings in a Probate Court it becomes necessary to determine an alleged fact of marriage. If Anin takes in the distribution of this estate, it is because he was legally married to Emmeline Gordon. He can only take on proof of a legal union with her. This Court must ascertain if he stands in an inheriting relationship, as well if he claims it by marriage as if the claim were by consanguinity. There can be no doubt that the question can be raised by any person interested in the distribution, and it has been raised in this case. The claimant argues that this marriage differs from some other invalid marriages, in that it may become valid by lapse of time with the continued consent of the minor, while a marriage between parties within the prohibited degrees, say of brother and sister, must always be invalid; and a marriage which was bigamy in the beginning would not be validated by the death or divorce of the first husband or wife; and that this is therefore a valid marriage until it is pronounced invalid in a Court entertaining divorce matters. If this proposition is granted to be true, so far as the status of the parties *inter sese* is concerned, and that their cohabitation could not be treated as illicit and adulterous, it is necessary now to pronounce affirmatively or negatively upon the legality of the marriage as it stood at the date of the death of Emmeline. There was a potentiality of a valid marriage here, that is, if Emmeline survived to the age of fourteen and continued of a mind to keep Anin for a husband. By Section 1319, upon the annulment of a marriage on account of nonage, the issue shall be deemed to be in all respects the legitimate issue of the parent who at the time of the marriage was capable of contracting, leaving the legitimacy as to the other parent subject perhaps to the same result as to the marriage itself. In view of the above cited statute provisions, what is the force of the phrase, "In order to make valid the marriage contract, it shall be necessary, etc.?" It is clear that such a marriage is not simply void and without legal force, for the party who is of age is married as to the other party who is under age and as to their issue which is legitimate to him. And it is clear that the

marriage binds the minor until he or she dissent, being yet under the age of consent. It is made a valid marriage by mere consent and cohabitation after arriving at age, without a new solemnization on a new license granted by an agent to grant marriage licenses. The previous ceremony and license are the license and ceremony which have married them, for the law of this Kingdom does not recognize a union by *verba de presenti.*

There is a clear distinction drawn in the statutes between marriages void and voidable, but they are alike in this respect, that the fact on which a decree of nullity may be founded is one existing at the date of the marriage, and it is nothing depending on the conduct of the parties. Thus, the fact of having an undivorced wife or husband living at the time of marriage has only to be found by the Court to procure a decree, although the previous husband or wife may have died or been divorced since the second marriage. A marriage incestuous, even without the knowledge of the parties contracting it, must be dissolved whenever the fact appears to the Court.

But a marriage voidable from nonage cannot be made void by the party of age, and it may be confirmed by the minor. The defect is curable.

The phrase "to make valid," must then be understood to be consistent with the difference between void marriage and voidable marriage—as to the latter it implies only that there is an existing condition which may procure an annulment of the contract.

Counsel for the heirs cite the case of *Fornshill vs. Murray,* from Vol. 18 of American Decisions, a case heard by Bland, Chancellor of Maryland. It is an action against an administrator, wherein several persons claim as the children of one Mary, a sister of decedent. Against their claim it is set up that they were illegitimate, for the reason that their mother, at the date of her marriage, had a lawful husband living in Ireland, whom she had deserted. The Court finds that, by the English rule, the validity of a marriage which is not absolutely void, but merely voidable, can only be drawn in question and

determined in a suit instituted for that purpose in the Ecclesiastical Court, which, of course, can only be done in the lifetime of the parties, as, by the death of husband or wife, the marriage is at an end, and that thereafter no judicial proceeding can be had in any Court for the purpose of declaring such a marriage null and void, for the purpose of bastardizing the issue of such marriage, or barring the husband of his curtesy or the widow of her dower. Co. Litt. 33. The Court would not, therefore, entertain a proceeding to bastardize the issue of the said Mary. But when the issue claim and found their title to recover essentially upon the validity of the marriage and their own legitimacy, it has never been questioned that the Court might inquire into and decide upon the validity of the marriage or the fact of legitimacy; and thus accordingly the Court held that as the marriage in question was not voidable but void, the issue of it could not take of the estate.

But there should be a difference between a marriage "utterly void," as in the case cited, and a marriage merely voidable. This marriage was invalid only in that there was in it a fact, namely, want of age, upon which it could be made void, but it had not been so made.

Following the cases cited in *Fornshill vs. Murray*, by the death of Emmeline the marriage is at an end and cannot be annulled. The voidability of the marriage has closed by the death.

If this proposition is correct, it follows that Anin remains with the rights of a husband in his wife's estate.

And it is ordered that Anin do take, as the husband surviving, and without issue, of the said Emmeline Gordon, deceased.

*A. S. Hartwell,* for Anin.

*Castle & Hatch,* for the heirs of Henry Gordon.

April 21, 1881.